UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| MICHELLE PARKER, ) | |
| ) | No. 09 CR 540-5 |
| Defendant, ) | |
| and ) | Judge Samuel Der-Yeghiayan |
| ) | |
| ROOSEVELT UNIVERSITY, ) | |
| ) | |
| Third Party Citation Respondent. ) | |

## MOTION FOR TURNOVER ORDER

The United States, by Gary S. Shapiro, United States Attorney for the Northern District of Illinois, moves this court for a turnover order, and in support states as follows:

1. Judgment in the captioned matter was entered in favor of the United States and against the defendant on November 30, 2010. Pursuant to 18 U.S.C. § 3613(c), upon entry of judgment a lien arises on all of the defendant's property and rights to property. As of June 24, 2013, 2013, the defendant has an outstanding balance of $ 981,347.35.

2. The United States may use any federal or state procedure to enforce the judgment. 18 U.S.C. §§ 3613(a) and (f). A citation to discover assets directed to the respondent, Roosevelt University was issued on the judgment on April 25, 2013 and served on with statutory notice to the defendant.

3. Pursuant to the citation to discover assets, the respondent answered on May 9, 2013. A copy of the answer is attached as Exhibit A. In its answer, the respondent stated that, at the time the citation was served, the respondent had in its possession or under its control wages belonging to the defendant, Michelle Parker. Based on the respondent's answer, and pursuant to the Court's

August 6, 2013 Order (Doc. 205), the United States is entitled to 10% of the defendant's net wages for each pay period since the citation was served and continuing each pay period, until the debt is paid in full, or until the respondent no longer has custody, possession or control of any wages belonging to the defendant, or until further order of this Court. 18 U.S.C. § 3613(a); 26 U.S.C. § 6334; and 735 ILL. COMP. STAT. 5/2-1402.

4. The Clerk of the Court collects all payments on monetary penalties imposed in criminal cases; accordingly, all payments should have 09 CR 540-5 written in the lower left corner of the check and be submitted to:

> Clerk of the Court for the Northern District of Illinois
> 219 South Dearborn Street, 20th Floor
> Chicago, Illinois 60604

5. The United States has provided all notices required by law.

WHEREFORE, the United States moves for entry of a turnover order directing the respondent, Roosevelt University, to submit to the Clerk of the Court 10% of the defendant's net wages for each pay period since the citation was served and continuing each pay period, until the debt is paid in full, or until the respondent no longer has custody, possession or control of any wages belonging to the defendant, or until further order of this Court.

Respectfully submitted,

GARY S. SHAPIRO
United States Attorney

By: s/ Elizabeth A. Wilson
 ELIZABETH A. WILSON
 Assistant United States Attorney
 219 South Dearborn Street
 Chicago, Illinois 60604
 (312) 353-5331
 elizabeth.wilson2@usdoj.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| MICHELLE PARKER, | ) ) | |
| Defendant, | ) ) | No. 09 CR 540-5 |
| and | ) ) | |
| ROOSEVELT UNIVERSITY, | ) ) | Judge Samuel Der-Yeghiayan |
| Third Party Citation Respondent. | ) ) | |

## ANSWER OF THIRD PARTY CITATION RESPONDENT

I, S Wash1ngtn , the _____ of Respondent, _____,
   (name)                            (title)
state under penalty of perjury as follows:

    The Respondent is a _____ organized under the laws of the State of _____.
                             (sole proprietorship, partnership, corporation, government agency)
On _____, Respondent was served with the Third Party Citation to Discover Assets. With respect to the judgment debtor, Michelle Parker, on the day Respondent was served with the Citation, Respondent had in its possession or control the following property of the judgment debtor:

    1. Respondent ____Employs____ the Defendant.[1]
                  (employs - employed - never employed)

    If no longer employed, the last day of employment was _____.
    State defendant's current employer, if known: _____

    2. Defendant's pay period is ___ weekly, ___ bi-weekly, ___ semi-monthly, ✓ monthly.
       Enter date present pay period began __4/1/13__ and date it ends __4/30/13__.
       (Present means the pay period in which the Citation was served).

    3. Calculate wages subject to garnishment:

(A) Gross wages (minus mandatory contributions to pension/retirement plans): (A)$ 4425.00

**METHOD I**

(B) 15% OF (A)=                                                            (B)$ 663.75

---

[1] If the defendant was employed by the Respondent, but not as of the date the Respondent received the Citation to Discover Assets, answer questions 1, 5 and 6 as of the date the Respondent received the Citation.

EXHIBIT A

**METHOD II** (Calculate Method II ONLY if Gross Wages at (A) are less than $240.00: otherwise, skip to(G))

(C) Enter Total FICA, State and Federal Tax, and Medicare (C)$ 890.37

(D) Subtract (C) from (A)= (D)$ 3534.63

(E) Enter minimum wage per pay period(45 x 7.25 per wk) (E)$ 1608.75

(F) Subtract (E) from (D) (F)$ 1925.88

(G) Enter Line (B) or if Method II applies, the lesser of (B) or (F) (G)$ 663.75

(H) Enter child support or other court ordered deduction (H)$ —

(I) Subtract (H) from (G) (I)$ 663.75

LINE (B) or (I) IS THE **AMOUNT TO BE WITHHELD FROM EMPLOYEE'S PAY- CHECK AND NOT DISBURSED UNTIL FURTHER ORDER OF COURT.**

4. Are there prior garnishments or other court-ordered withholdings which are presently in effect including, but not limited to, child support and alimony?

Yes ___ No ✓

If the answer is yes, describe below.

_____

5. Do you, the Respondent, have custody, control or possession of any property, other than wages now owed or to be paid in the future, in which the defendant has an interest?

Yes ___ No ✓

If yes, please describe below (continue on additional sheets if necessary):

_____

6. Other than wages, Respondent anticipates owing to the defendant in the future the following amounts (continue on additional sheets if necessary):

_____

7. Check and complete the applicable line below if you deny that you hold property subject to this Citation to Discover Assets.

___ The Respondent makes the following claim of exemption/election of exemption on the part of Defendant:

_____

___ The Respondent has the following objections, defenses, or set-offs to the United States' right to apply Respondent's indebtedness to defendant to the United States' claim:

_____

___ On the date the Respondent was served with the Citation, Respondent was not indebted or under liability to the defendant, and/or the Respondent did not have in his/her/its possession or control any wages, income or other property belonging to the defendant, or in which the defendant has an interest and is not liable as Respondent in this action.

8. The original Answer must be delivered in person or sent by first-class mail to the United States Attorney's Office, 219 South Dearborn Street, 5th Floor, Chicago, Illinois 60604.

9. The Respondent mailed a copy of this Answer by first-class mail to:

(A) the defendant, Michelle Parker, at ███████████████

Chicago ███████████████

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the foregoing is true and correct.

Executed this 9 day of May 20 13.

S Washington · Roosevelt Univ

(Please print and sign name.)

Phone No. 312 341 3574